CRÉDITO Y AHORRO POPULAR, Plaintiff and Appellee, v. ANTONIO MOLINI ET UX., Defendants and Appellants.

No. 5866. Argued November 23, 1931.—Decided December 18, 1931.

*González Fagundo & González Jr.* for appellants. *Tous Soto & Zapater* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

After the defendant in this action, Antonio Molini, had been adjudged to pay a certain sum of money a writ of execution for the enforcement of the judgment was issued directed to the marshal. This officer having returned the execution unsatisfied, the plaintiff moved the lower court pursuant to section 295 of the Code of Civil Procedure to require Antonio Molini to appear and answer upon oath concerning any property he might own. The court issued an order accordingly and cautioned the defendant Molini that

he would be prosecuted for contempt if he failed to appear. On the day set for such appearance the court, after hearing the parties, overruled the motion for the plaintiff and set aside the order previously made. Subsequently and on motion of the plaintiff, the court by an order reconsidered this latter decision on the ground that a voluntary dismissal which had been entered by the plaintiff had reference to the wife, who was also a party defendant, and not to her husband, and granted leave to the plaintiff to move again for the setting of a day and hour for defendant Molini to appear and testify regarding his property. The defendant then took an appeal from that order to this Court, and the plaintiff now moves us to dismiss the appeal on the ground that said order is not appealable.

Subdivision 3 of section 295 of the Code of Civil Procedure authorizes appeals from special orders made after final judgment, that is, from such orders as decide matters not determined by the judgment, and in accordance with such provisions the order complained of herein is appealable, since by virtue thereof appellant Antonio Molini must appear before the court and answer upon oath concerning his property under penalty of contempt, inasmuch as the setting aside by the lower court of its previous order dismissing the motion of the plaintiff has the effect of decreeing that appellant Molini must appear for such examination on the day set.

The motion to dismiss must be denied.